FILED
2020 Feb-26  PM 03:11
U.S. DISTRICT COURT
N.D. OF ALABAMA

Pro Se 14 (Rev. 09/16) Complaint for Violation of Civil Rights (Prisoner)

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA

2020 FEB 26 ☐ 1: 31

EARNEST LEE WALKER, SR., 187017 )

_____ )
*Plaintiff* )
*(Write your full name. No more than one plaintiff may be named in* )
*a complaint.)* )

2.20-CV-258-ACA-SGC

2:19-cv-01150-KOB-SGC

WARDEN G. GIVINS-y- DONALDSON CORR. FAC. Case No. _____
COMM. J. DUNN, ADOC )    *(to be filled in by the Clerk's Office)*
GOVERNOR K. IVEY, ALABAMA )
DEPUTY WARDEN, II K. PETERS )
STEWART III, A. JOHNSON )
STEWART II, BRADY, )
STEWART, ROGERS, )
SGT. A. EDMONS; SGT. MITCHELL; SGT. HARRISON, et al.,
*Defendant(s)* )
*(Write the full name of each defendant who is being sued. If the* )
*names of all of the defendants cannot fit in the space above, please* )
*write "see attached" in the space and attach an additional page* )
*with the full list of names. Do not include addresses here. Your* )
*complaint may be brought in this court only if one or more of the* )
*named defendants is located within this district.)* )

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Prisoner Complaint)

---

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee of $400.00 or an Application to Proceed *In Forma Pauperis*.

Mail the original complaint and the filing fee of $400.00 or an Application to Proceed *In Forma Pauperis* to the Clerk of the United States District Court for the Northern District of Alabama, Room 140, Hugo L. Black U.S. Courthouse, 1729 5th Avenue North, Birmingham, Alabama 35203-2195.

---

**I.     The Parties to this Complaint**

**A.     The Plaintiff**

Provide the information below for the plaintiff named in the complaint.

| | |
|---|---|
| Name | EARNEST LEE WALKER, SR., |
| All other names by which you have been known: | |
| ID Number | 187017 |
| Current Institution | W.E. DONALDSON CORR. FAC. |
| Address | 100 WARRIOR LANE |
| | BESSEMER    ALABAMA    35023 |
| | *City*        *State*        *Zip Code* |

**B.     The Defendant(s)**

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | SEE ATTACHED SHEETS FOR DEFENDANT[S] |
| Job or Title *(if known)* | |
| Shield Number | |
| Employer | |
| Address | |
| | *City*        *State*        *Zip Code* |

☒ Individual Capacity     ☒ Official Capacity

Defendant No. 2

| | |
|---|---|
| Name | |
| Job or Title *(if known)* | |
| Shield Number | |
| Employer | |
| Address | |
| | *City*        *State*        *Zip Code* |

☒ Individual Capacity     ☒ Official Capacity

2

Defendant No. 3

| Name | |
|---|---|
| Job or Title *(if known)* | |
| Shield Number | |
| Employer | |
| Address | |

| | *City* | | *State* | *Zip Code* |
|---|---|---|---|---|

☒X Individual Capacity     ☒X Official Capacity

Defendant No. 4

| Name | |
|---|---|
| Job or Title *(if known)* | |
| Shield Number | |
| Employer | |
| Address | |

| | *City* | | *State* | *Zip Code* |
|---|---|---|---|---|

☒ Individual Capacity     ☒ Official Capacity

## II.     Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal law]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971), you may sue federal officials for the violation of certain constitutional rights.

A.   Are you bringing suit against *(check all that apply)*:

☐   Federal officials (a *Bivens* claim)

☒X   State or local officials (a § 1983 claim)

B.   Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities, secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

_____

_____

3

C. Plaintiffs suing under *Bivens* may only recover for violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

_____

_____

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

_____

_____

## III.   Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply):*

☐   Pretrial Detainee

☐   Civilly committed detainee

☐   Immigration detainee

☒   Convicted and sentenced state prisoner

☐   Convicted and sentenced federal prisoner

☐   Other _____
    *(explain)*

## IV.   Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. If the events giving rise to your claim arose outside an institution, describe where and when they arose.

_____

_____

B. If the events giving rise to your claim arose in an institution, describe where and when they arose.
   W.E. DONALDSON CORR. FAC. from June 24, 2016-continus

_____

4

C. What date and approximate time did the events giving rise to your claim(s) occur?
   SEE ATTACHED SHEETS

D. What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*
   SEE ATTACHED SHEETS

## V.   Injuries

If you sustained injuries related to the events alleged above, describe your injuries in detail.
   SEE ATTACHED SHEETS

## VI.   Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

PUNITIVE & COMPENSATORY DAMAGES AND ANY OTHER RELIEF THE COURT

DEEM JUST & PROPER[PRISONER RELEASE ORDER DUE TO OVERCROWDING]

TOTAL FOR ALL DAMAGES FOR PHYSICAL: MENTAL & PSYCHOLOGICAL HARM $500,000.00

**VII. Exhaustion of Administrative Remedies Administrative Procedures**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☒ Yes

☐ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).
W.E. DONALDSON CORR. FAC. 100 WARRIOR LANE BESSEMER, ALA. 35023

B. Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☐ Yes

☒ No

☐ Do not know

C. Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☐ Yes

☐ No

☐ Do not know

If yes, which claim(s)?

_____

_____

6

D.   Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☐   Yes

☒   No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐   Yes

☐   No

E.   If you did file a grievance:

1.   Where did you file the grievance?

2.   What did you claim in your grievance?

3.   What was the result, if any?

4.   What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

7

F.  If you did not file a grievance:

    1.  If there are any reasons why you did not file a grievance, state them here:

       ADOC DOES NOT HAVE A GRIEVANCE PROCESS

    2.  If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

       All defendants were notified in person by Plaintiff an
       was informed to do what he know to do?[File a lawsuit]

G.  Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

    *(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII.  Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had any cases dismissed based on grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted?

XX  Yes

☐  No

If yes, state which court dismissed your case(s), when this occurred, and attach a copy of the order(s) if possible.

Various Federal Court over the last 25 years. Take judicial

notice of court's own records.

A. Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☒ Yes [ CONDITIONS ]

☒ No [ INJURIES ]

B. If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit

   Plaintiff(s)  _____

   Defendant(s)  Various over the **past** 25 years. Take judicial notice of the court's own records.

2. Court *(if federal court, name the district; if state court, name the county and State)*

   _____
   "

3. Docket or index number
   "
   _____

4. Name of Judge assigned to your case
   "
   _____

5. Approximate date of filing lawsuit
   "
   _____

6. Is the case still pending?

   ☐ Yes

   ☒ No
   "
   If no, give the approximate date of disposition.  _____

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*
   DISMISSED
   _____

9

**IX.**     **Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

**I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.**

| | |
|---|---|
| Printed Name of Plaintiff | EARNEST LEE WALKER, SR. |
| Prison Identification # | 187017 |
| Prison Address | W.E. DONALDSON CORR. FAC. 100 WARRIOR LANE |
| | BESSEMER, ALABAMA 35023 |
| | City                State          Zip Code |

I declare under penalty of perjury that the foregoing is true and correct.

Executed on     February 23,          , 2020.
                (Date)

Signature of Plaintiff

## LISTING OF DEFENDANTS.

Defendant Gwendolyn Givins is the Warden of Donaldson. As Warden, Defendant Givins is responsible for the day-to-day operations of the prison. Defendant Givins is sued in her official and individual capacity as warden of Donaldson.

Defendant Jefferson Dunn is Commissioner of the Alabama Department of Corrections. As Commissioner, Dunn is responsible for the daily supervision of operation at the Alabama Department of Corrections. He is the highest ranking official in the Alabama Department of Corrections. Defendant  Dunn is sued in his official capacity as Commissioner of the Alabama Derpartment of Corrections.

Defendant Kay Ivey is the Governor of Alabama. As chief executive of the State of Alabama, defendant Ivey has the authority to exercise "all functions and duties of the department(of corrections) ...acting by herself or by and through such administrative divisions or such officers or employees or individuals as she may designate." Ala.Code 14-1-17, 14-1-1.1. Defendant Ivey is sued in her official capacity as Governor of Alabama.

Defendant Kenneth Peters is a deputy warden at Donaldson. As deputy warden Peter shares responsibility for the day-to-day operations of the prison and has personal knowledge of the conditions that exist at the prison.  Defendant Peters has failed to take reasonable step to respond to the unconstitutional living conditions that exist at the prison. Defendant Peter is sued in his official capacity as  deputy warden at Donaldson.

Defendants Chief Stewart Johnson; Stewart II Brady and Stewart Rogers are the Stewart at Donaldson during the events decribed in claims #1 & 2[FACTS UNDERLYING WALKER'S CLAIMS]. As the Stewart[s] these defendants were/are responsible for the day-to-day operation of the prison in compliance with ADMIN. REG.; SOP'S and other directives issued from Defendants Givins; Dunn; Ivey; Peters; Sgt. Mitchell; Sgt. A. Edmons and Sgt. Harrison, et al. These defendants [Chief Stewart Johnson; Brady and Rogers] are being sue in their official & individual capacity.

Defendants Sgt. A. Edmonds; Sgt. Mitchel and Sgt. Harrison, et. al., are correctional officers who is responsible for the safety and security of Donaldson and is responsible for the day-to-day operation of the prison as mandated by Defendants GIVINS: DUNN; IVEY and PETERS in compliance with the law; ADMIN REG'S: SOP'S, et al.. these defendants are sued in their official & individual capacity.

Defendants Gwendoly Givins; Kenneth Peters; Stewart[s] Johnson; Brady; Rogers; Sgt[s] Edmonds; Harrison & Mitchell address is 100 Warrior Lane Bessemer, Alabama 35023.

Defendant Jefferson Dunn address is S. Ripley Street/P.O. Box 301501 Montgomery, Alabama 36104.

Defendant K. Ivey address is 600 Dexter Avenue Montgomery, Alabama 36130.

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF ALABAMA

SOUTHERN DIVISION

EARNEST LEE WALKER, SR,

Plaintiff,

vs.                                    CASE NO.: 2:19-cv-01150-KOB-SGC

Warden G. Givins, Donaldson Corr. Fac.,
COMM., J. DUNN, ADOC
GOVERNOR, K. IVEY, ALABAMA
DEPUTY WARDEN, II K. PETERS
STEWART III, A JOHNSON
STEWART II, BRADY
STEWART, ROGERS
SGT. A. EDMONS: SGT. MITCHELL: SGT. HARRISON, et al.,

Defendants.

ATTACHED SHEETS TO THE FORM COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

Page 5 Suffix C. D. & V. Injuries.

[What happened to Walker; Who did what; Was anyone else involved
and Who else saw what happened?].

1. on September 24, 2018 while working in the kitchen as a cook
   under Chief Stewart Johnson-Stewart Brady with CO1 Strown
   present instructed Walker to assit Chaplin David in taking a
   new Silver Hot Box[Food Cart] to the back gate to pick up
   donuts from WE CARE MINISTRY. As Chaplin David and Walker was

                                1

pushing the hot box across the black top it fell over in front of the Southside Shift Commander in the presence of Sgt. Aaron CO1 A. Johnson onto Walker's right toe. X-Rays later revealed Walker toes were broken on his right foot. The Defendants have both "objective and subjective" knowledge of the condition of the kitchen floor and the black top whereas noone should be pushing any type of food carts or other equipment across because of the real and potential of injuries such as that caused Walker. The defendants are being sued for $25,000.00 for this injury.

2. From approximately January 2019 to April 22, 2019 Walker worked in the kitchen dishroom under Chief Stewart Johnson; Stewart Brady and Stewart Rogers dumping food trays that resulted in him injuring his left middle finger causing "STENOSING TENOSYNOVITIS" (commly known as "TRIGGER FINGER") this condition resulted in Walker having surgery on his left hand. The Defendants have both "objective and sub- jective" knowledge of the potential for injuries because kitchen worker Atonio Reed has this same injury prior to Walker and is presently having to have steroid injections to address this injury. This condition is ongoing among the current kitchen workers now dumping the food trays. The defendants are being sued for $25,000.00 for this injury.

2

3. On April 29, 2019 at approximately 9:45 a.m. **Walker was**
   standing in the East Law Library talking with Law Clerk
   Ronald Curry, in the **presence** of Aaron Johnson, AIS#190394;
   Robert Woods, AIS#120047 and D. Payne-Bey, AIS#_____
   with his right hand in the door frame. Sgt A. Edmonds called
   East Hall locked down. At no time did Sgt. A. Edmonds se-
   cure the East Law Library door nor did he ask anyone in the
   East Law Library to secure the door. After passing the law
   library door, CO1 Harrison "without any warning" intentionaly
   closed the door on Walker's hand . Walker immediately pushed
   the door off of his hand and notified CO1 Harrison and Sgt.
   A. Edmonds that his hand was injuried after being closed in
   the door by CO1 Harrison. Sgt. A. Edmonds escorted Walker to
   the infirmary. When asked what happened CO1 Harrison stated
   to CO1 Bolling and both nurses attending Walker that he closed
   the door on Walker's finger. Due to the action or lack thereof
   of both Officers Walker is suing them for $50,000.00

4. On January 21, 2020 at approximately 10:00 am **Walker was**
   physically assaulted by two[2] black males in B unit with
   no officer[s] physicaly presence in the unit that resulted
   in Walker obtaining two[2] black eyes and blurred vision.
   Sgt. Mitchell was aware of this incident after seeing Walker
   with two[2] black eyes on or about January 24, 2020. The
   defendants are being sued for $50,000.00

3

5. From June 2016 to this present date, Walker have filed numerous
   of formal complaints against various officers for their
   unprofessional conduct. This has resulted in officer[s]
   under the Warden[s]/Defendant[s] supervision and control to
   write Walker bogus/false disciplinaries.[The last disciplinary
   being February 14, 2020]. These bogus/false disciplinaries
   have resulted in Walker being moved from the Southside[Open
   Dorms] to the blocks[D-42 now Y-13]. D unit[Now Y] is the
   most dangerous ünit at Donaldson. The defendants have "retaliated"
   against Walker for exercising his 1st Amendment Right to redress
   the government for grievances. Due to Walker being placed in
   substantial risk of assault, serious physical harm and or
   death, the defendants are being sued for $100,000.00.

6. Walker respectfully submit that the physical conditions at
   Donaldson are in an exceptional state of disrepair and needs
   major improvements to prevent an ongoing violation of Plain-
   tiff's Federal Right under the Eight Amendment. The defendants
   are being sued for $250,000.00 due to the ongoing risk of im-
   minent danger to the physical and mental well-being of Walker
   based on the following unconstitutional living conditions at
   Donaldson Correctional Facility;

4

A/B; C/D; X/Y and V Blocks all have 5 showers for 96 men.
(Some of which are not operational) The blocks do not have
proper ventilation for heat and air. The blocks are **permeated**
with stale air that is saturated with the fumes of feces and the
smell of urine along with the stink of unwashed bodies. In addi-
tion to this, the blocks are permeated with the smell of raw
sewage from the waste facility outside of Donaldson. The blocks'
plumbing and electrical system are in an exceptional state of
disrepair. The new toilet system has a time-controlled value
for flushing and forces the men in the blocks to live in close
confines with their own human waste. The blocks are massively
infested with ants, flies, mosquitoes, roaches, mice, rats and
other vermins, each of which carry disease throughout Donaldson.
The old sprinkle system in the blocks leak stagnant water. The
old showers in the blocks have mold and fungus on them. The
living area within the blocks do not all have proper lighting
that causes eye strain. The floors in the showers in the blocks
are so porous that it is impossible to keep clean. Slime, stal-
actities and soap scum are built up on the shower walls and are

5

impossible to keep clean. Shower walls are impossible to
keep clean and are coming apart. There is an insufficient number
of wall fans and floor fans to keep the blocks cool and the
exhaust fans are all covered with dust and other debris that
prevents them from functioning properly to keep the blocks cool.
Lastly, there are no water fountains or ice machaines in
any of the blocks for the men to drink water or get ice to drink
water to keep cool in the unbearable heat in the block and there
are no communication system for the men to communicate with an
officer in the event of an emergency.

K,L,M,N, and O Dorm are on the Southside and each dorm has
approximately 3-4 large floor fans, 6-7 fans are mounted on the
walls/support beams and 3 exhaust fans for 126-130 men. There
is approximately 3-4 gas heaters in each dorm. The exhaust fans
and heaters are all covered with dust and other debris that pre-
vent them from functioning properly. There are 9-10 sinks, 2-3
urinals, 4-5 toilets and 7-8 showers for 126-130 men. All sinks,
urinals, toilets and showers do not function properly. K and O
dorms are designated for aging incarcerated citizens. None of the
showers, toilets or phones are handicap accessible nor is there
a shelter or covered walkway to the West or East Hallways for
meals, law library, haircuts, ICS Shift Commander Office, Pill
Call, Package/Legal Mailout, etc., in inclement weather. This
presents a real and substantial risk of injury to one of these

6

men. The dorm ceilings are infested with spider webs, and spiders. The dorms are infested/overrun with spiders, ants, flies, mosquitoes, rats, mice and other vermins. The dorm atmosphere is fetid, odorous, smelling of sweat and unwashed human bodies and raw sewage from the waste facility outside of Donaldson. The floors in the showers are so porous that it is impossible to keep clean. Slime, stalactities and soap scum is built up on the shower walls and floors, and are impossible to keep clean. Shower stalls are also coming apart. In essence, the dorms are filthy.

The kitchen is filthy and in deplorable/appaling conditions. The kitchen equipment is in an exceptional state of disrepair. There is standing pools of water in the kitchen. Holes in the floors have recently been patched up as was the ceiling. Food preparation areas and serving areas are soiled with dirt and rodent droppings. The kitchen is overrun with rats, cockroaches, flies, rats, mice, mosquitoes and other vermins, each of which carry disease throughout Donaldson. The kitchen smells of raw sewage from the waste facility outside of Donaldson. The kitchen smell of urine, feces, and unwashed human bodies. The food storage areas are infested with rats, mice and other vermins. The toilet in the kitchen for the men is in deplorable/appaling conditions. i.e., and is not secured to the floor properly, it leaks and the area is filthy. There are collapsed drains throughout the entire kitchen area and they breed bacteria which creates airborn diseases.

7

The east and west hallways hold moisture due to high humidity that becomes slippery and has caused men to fall and injure themselves. Rain also comes in on the east and west hallways under the doors flooding the hallways during a heavy rain or a few days of raining.

The east and west gym both smell of urine, feces, unwashed human bodies and of raw sewage from the waste facility outside of Donaldson. The exhaust fans are all cover with dust and other debris that prevents them from functioning properly. The gyms are infested with ants, flies, mosquitoes, roaches, mice, rats and other vermins, each of which carry disease throughout Donaldson. The ceilings in both gyms are also dilapidated, and debris fall on the men on occassions.

The areas between the buildings on the east and west halls (commonly referred to as the Courtyards) all holds water after a heavy rain or a few days of raining and create a fertile breeding grounds for mosquitoes, nats, flies, rats, mice and other vermins that carries diseases throughout Donaldson.

Special Housing Units E,F,G,H,I,J,P,Q,R,S,T,U and W Blocks are all filthy and smell of urine, feces, unwashed human bodies and raw sewage from the waste facility outside Donaldson. These units also do not have proper ventilation for heat and air. The few fans in the units do not provide sufficient relief from the heat. The men are locked down in these units where no air circulates and the heat becomes unbearable in the summer months. The

8

units are infested with spiders, ants, roaches, flies, rats, mice, mosquitoes and other vermins, each of which carry diseases throughout Donaldson. Some of the units do not have lights or running water. The men in these units are not provided with exercise and outside recreation on a constant basis for their mental and physical well-being.

Donaldson is so overcrowded that men who go to the kitchen are often just given mintues to eat their meal, and some have to eat standing up.

Due to **"overcrowding"**, the current level of security staff is insufficient to properly run Donaldson.

The ongoing staffing shortage compromises institutional security and the safety of the Plaintiff and staff. In one block one officer is often responsible for supervising 96 men, and on the southside one officer is often responsible for supervising 126-130 men.

As a result of **"overcrowding"** **and** understaffing, security at Donaldson is lacking.

Due to the shortage of security staff, officers are forced to work excessive overtime which compromises security because exhausted officers are less likely to remain alert or be able to respond adequately to normal or exigent security needs.

9

Exhausted officers at Donaldson are often asleep on duty.

The tension and danger caused by forcing men to live in unsupervised dorms and blocks where weapons are readily available has been made worse by the dearth of treatment, educational, and vocational programs. Men at Donaldson have nothing to do all day, every day. The lack of activities and exercise and work for the men contributes to the already substantial risk of fights and assaults.

Despite the high level of violence, there are few security cameras at Donaldson. There are many areas, such as showers and corridors, that officers cannot see from their stations.

Incidents of violence often go uninvestigated and those that are, are often prefunctory.

Despite the high level of violence at Donaldson, men who complain that they are fearful of an assault are often ignored or told to man up. Unprotected by officers at Donaldson, most men resort to their own devices to protect themselves.

Much of the violence at Donaldson goes unreported.

The chaotic environment at Donaldson contributes to prison "overcrowding". Even those men who attempt to stay out of trouble at Donaldson find themselves being pulled into altercations. In an attempt to defend themselves, the men incur disciplinary reports for fighting. These disciplinary reports may cause the

10

parole board to deny parole and extend incarceration by years.

Defendants have known about and failed to take steps to abate the conditions challenged in this lawsuit and their deliberate indifference to these conditions have resulted in the crisis that threatens the basic health and safety of Plaintiff during his incarceration here at Donaldson.

Proof of defendants' knowledge includes DOJ's April 2, 2019 Report about its Investigation of Alabama's State Prisons For Men; Institutional Incidents Reports prepared by defendants' employees describing living conditions, and violent incidents in the last several years; previous lawsuits and those now pending by the men at Donaldson challenging conditions of confinement, and lack of security, and oral assertions by the Plaintiff and other men at Donaldson.

Defendants have further been aware that the living conditions at Donaldson have caused significant injuries and/or lasting disabilities to men at Donaldson because they had to provide medical care for people injuried.

Defendants have both objective and subjective knowledge of the unsanitary living conditions, high level of violence, and the overcrowding at Donaldson, and of the risk presented to the Plaintiff for years.

11

"Overcrowding" is the primary cause of the violation of Plaintiff's Federal Right under the Eight Amendment, and **no** other relief will **remedy** the violation o**f** the Federal Right. As a **direct** result of **"overcrowding"** the living conditions are **toxic/ chaotic** and are **deplorable.** See **Laube v. Haley,** 234 F.Supp 2d 1227 (M.D. Ala. 2002), **Pugh v. Locke,** 406 F.Supp. 318, 323 (M.D. Ala. 1976) (overcrowding is primarily responsible for and exacerbates all other ills of Alabama's penal system), **Graddick v. Newman,** 453 U.S. 928, 934 (1981) ("Subject to judicial orders for nearly a decade, the State still failed to achieve compliance" with consent decrees remedying conditions and overcrowding). The courts have repeatedly made it clear that cost is not a defense to constitutional violations. It should not need repeating that compliance with constitutional standards may not be frustrated by legislative inaction of failure to provide the necessary funds." **Newman v. Alabama,** 559 F.2d 283, 286 (5th Cir.1977), **rev'd in part on other grounds sub nom, Alabama v. Pugh,** 438 U.S. 781 (1981). Prison must meet constitutional standards irrespective of financial considerations.

In addition to all incidents of violence listed in **Hicks v. Hetzel,** Civil Action NO., 2:09-cv-155-WKW, the April 2, 2019 Investigation of Alabama's State Prisons For Men, the documents **s**ubpoena pursuant to the Department of Justice's [**Hereinafter DOJ's**] Investigation of (3) Whether Alabama's prison are protect-

12

ing prisoners from excessive force and sexual assault from staff, **Dunn v. Dunn,** 2:14-cv-00601-MHT-TFM and in **Braggs v. Dunn,** 2:14-cv-00601-MHT-TFM-Plaintiff respectfully submits that **"Over-crowding"** has been and is presently the main theme to lawsuits alleging violence, chaos, poor medical care and other problems within Donaldson. Plaintiff offered **these facts** from previous litigation in this court and DOJ's April 2, 2019 report as supporting facts to prove his claim of an Eight Amendment viola-tion and the defendants' indifferent to such violations. The defendants have both objective and subjective knowledge and have failed to take reasonable steps to reduce the ongoing substantial risk of imminent danger to physical and mental well being of the Plaintiff, reduce the ongoing substantial risk of assault and serious physical injury and psychological harm and/or death to Plaintiff. This violation is exacerbated by serious deficiencies in staffing and supervision due to **"overcrowding"** contributes to serious harm to Plaintiff's physical and mental well being, and Donaldson's severe **understaffing exposes Plaintiff to serious harm.** In essence, the Plaintiff is exposed daily to substantial risk of imminent harm to his health and safety, and in immediate danger of future harm because of serious deficiencies in staffing, supervision, and "overcrowding."

13

In spite of such knowledge, defendants have failed to take reasonable steps to reduce the ongoing substantial risk of imminent danger to the physical and mental well-being of Plaintiff, reduce the ongoing **substantial** risk of assault and serious physical injury or death presented to the Plaintiff.

The failure of the defendants to act under these circumstances goes beyond gross negligence, the defendants have acted with a knowing, willful, unreasonable, and unconscionable disregard of the Plaintiff's rights, welfare, and well-being.

### PRAYER FOR RELIEF.

Plaintiff respectfully pray that this Court:

1. Assume jurisdiction over this action;

2. Personally conduct an unannounced inspection of Donaldson;

3. Grant Plaintiff a Full Trial and Discovery in this matter;

4. Adjudge and declare that the acts and omissions of defendants violates 1st; 8th and 14th Amend. of the U.S. Const.

5. Order the defendants to comply with the constitution and enjoin them from subjecting Plaintiff to cruel and unusual punishment .

6. Order Plaintiff the cost of this **lawsuit** [$500,000.00] **and order such** additional relief as the Court may deem just and proper **and**

7. Order such additional relief as the Court may deem just and proper[Prisoner Release Order].  See Brown v. Plata, 179 L.ED.2d 969 (2011) citing 18 U.S.C. 3626.

14

## AFFIDAVIT OF PROOF OF MAILING

I hereby certify that I have served the foregoing pleading on the Clerk of Court with a copy to

be served on the Defendant/Respondent properly addressed and postage prepaid this the 23rd

day of FEBRUARY _____, 2020, by placing them in the United States at

W.E. Donaldson Correctional Facilty.

X _____
EARNEST LEE WALKER, SR. AIS#187017

Subscribed and sworn to before me this 23rd day of FEBRUARY _____, 20 20.

NOTARY PUBLIC

MY COMMISSION EXPIRES DECEMBER 8, 2020
MY COMMISSION EXPIRES

15